# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>FERNANDO LLAMAS-FIERRO,<br><br>　　　　　　　　　　Defendant. | Case No. 20-cr-00135-BAS<br><br>**ORDER DENYING EMERGENCY MOTION FOR COMPASSIONATE RELEASE (ECF No. 37)** |

On June 3, 2020, this Court sentenced Mr. Llamas-Fierro to twelve months and a day in custody. (ECF No. 34.) Mr. Llamas-Fierro has served approximately eight and one-half months of that sentence and, according to defense counsel, his projected release date is October 20, 2020. (ECF No. 37 at 2.) In early July, Mr. Llamas-Fierro tested positive for COVID-19. (ECF No. 40.) He now seeks compassionate release in light of this positive test. (ECF No. 37.) The Government opposes (ECF Nos. 39, 40), and Mr. Llamas-Fierro replies (ECF No. 41). For the reasons stated below, the Court **DENIES** Mr. Llamas-Fierro's motion.

## I.   BACKGROUND

On December 14, 2019, Mr. Llamas-Fierro drove through the Otay Mesa Port of Entry with more than thirty kilograms (eighty-seven pounds) of methamphetamine in his vehicle. (Presentence Report ("PSR") ¶¶ 4–11, ECF No. 27.) He was the driver and sole

occupant of the vehicle. (*Id.*) Mr. Llamas-Fierro was allowed to plead guilty to one count of conspiracy to smuggle bulk cash in violation of 31 U.S.C. § 5322. (ECF No. 23.) In exchange, the Government moved to dismiss the underlying charge of importation of methamphetamine. (*Id.*)

The Probation Department calculated Mr. Llamas-Fierro's sentencing guideline range to be 51–60 months, but ultimately recommended 15 months in custody. (PSR ¶¶ 83–84.) The Court followed the Government's recommendation and sentenced Mr. Llamas-Fierro to twelve months and a day in custody. (ECF Nos. 29, 34.)

At the time of sentencing, the Court took into consideration the fact that Mr. Llamas-Fierro, who is 53 years old, was obese and had type-2 diabetes, hypertension, and high blood pressure. (PSR ¶ 41.) At sentencing, defense counsel argued that Mr. Llamas-Fierro was at risk of contracting COVID-19 in custody. (ECF No. 31.)

Since that date, Mr. Llamas has, in fact, tested positive for COVID-19. (ECF No. 40.) According to the Government's supplemental opposition to the Emergency Motion, Mr. Llamas tested positive for COVID-19 on July 2, 2020. He was isolated from the general population from July 5 to July 31, but he has now been returned to the general population. (*Id.*) According to the Warden of the facility where he is being held, he does not appear to be experiencing medical complications from the infection. (*Id.*)

## II.   ANALYSIS

Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, modify or reduce a defendant's term of imprisonment, after he has exhausted his administrative remedies, if "considering the factors set forth in [18 U.S.C.] section 3553(a)" the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Ng Lap Seng*, __F. Supp. 3d__, 2020 WL 2301202, at *7 (S.D.N.Y. 2020). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Holden*, __ F. Supp. 3d__, 2020 WL 1673440, at *3 (D. Or. 2020).

Although generally a defendant is required to request compassionate relief initially from the Bureau of Prisons ("BOP"), Defendant argues, and the Government does not disagree, that exhaustion of administrative remedies would be futile in this case.  Mr. Llamas-Fierro attaches a letter from the BOP explaining that Mr. Llamas is not currently in BOP custody so cannot be evaluated by the BOP for release.  (ECF No. 37, Exh. A.)

As explained in *United States v. Arreola-Bretado*, __ F. Supp. 3d__, 2020 WL 2535049 (S.D. Cal. 2020), Mr. Llamas-Fierro is being held by the U.S. Marshal Service at Otay Mesa, which is a non-BOP facility.  Otay Mesa is a private contract Immigration and Customs Enforcement ("ICE") facility run by the company Core-Civic. *See id.* at *1. Thus, requiring Mr. Llamas-Fierro to request release from the BOP would be futile, and the resulting administrative process would be incapable of granting him relief. *See Washington v. Barr*, 925 F.3d 109, 118–19 (2d Cir. 2019) (citing *McCarthy v. Madigan*, 503 U.S. 140, 146–47 (1992) (providing "exhaustion may be unnecessary where it would be futile" or "where the administrative process would be incapable of granting relief"); *Arreola-Bretado*, 2020 WL 2535049, at *2 ("The Court can envision no situation more futile than being required to petition to a BOP warden who does not exist.").  Hence, the Court finds exhaustion of administrative remedies is not required in Mr. Llamas-Fierro's circumstances.

However, the Court finds Mr. Llamas-Fierro fails to show either that he is facing "extraordinary and compelling circumstances" or that the factors set forth in Section 3553(a) support such a reduction in sentence.

Although Mr. Llamas-Fierro has contracted COVID-19, he does not appear to be experiencing medical complications from the infection.  Additionally, at the time of sentencing, the Court took into consideration the risks Mr. Llamas was facing and agreed to dismiss the underlying charge of importing thirty kilograms of methamphetamine. Instead, the Court sentenced Mr. Llamas to only twelve months and a day in custody.  He is scheduled to be released in two months.  Any decrease in this originally-imposed sentence would create disparities that are not warranted, even in light of Mr. Llamas-

Fierro's positive coronavirus test. Considering all of the Section 3553(a) factors, the Court finds the sentence imposed was, and still is, appropriate.

## III.   CONCLUSION

Because the Court finds Mr. Llamas-Fierro has failed to demonstrate "extraordinary and compelling reasons" for his sentence reduction and because the Section 3553(a) factors do not support such a reduction, the Court **DENIES** Mr. Llamas-Fierro's emergency motion for compassionate release (ECF No. 37).

**IT IS SO ORDERED.**

DATED: August 21, 2020

Hon. Cynthia Bashant
United States District Judge